ORIGINAL

# In the United States Court of Federal Claims

No. 18-563C
(Filed: September 14, 2018)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WINSTON VEODUST EDMONDS,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED
SEP 14 2018
U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is granted.

### Background[1]

    Plaintiff pro se Winston Veodust Edmonds is incarcerated in the Arizona State Prison Complex-Eyman. Plaintiff alleges that he was arrested for an apartment break-in in March 2001, however at the time he was arrested, the building manager had received a report the previous day that the apartment door was broken. Compl. 1. Plaintiff alleges that he was deprived of life and liberty and is entitled to damages for unjust conviction by the Arizona Superior Court. Id. at 3. Plaintiff seeks $375,000 in damages, as well as $270,000,000 in punitive damages. Id.

### Discussion

    Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss

---

[1] This background is derived from Plaintiff's complaint and its attachments.

7018 0040 0001 1393 2966

pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

As Plaintiff was convicted in Arizona state court, this Court lacks jurisdiction over Plaintiff's claim. See Grant v. United States, No. 17-1540C, 2018 WL 1615873, at *8 (Fed. Cl. Apr. 4, 2018). Claims brought pursuant to 28 U.S.C. § 1495 must be based on a conviction for a federal crime. 28 U.S.C. § 1495 (2012) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.") (emphasis added); Nyabwa v. United States, 696 F. App'x 493, 494 & n.1 (Fed. Cir. 2017) (per curiam) ("The statutory term 'offense against the United States' refers to offenses defined by substantive federal criminal statutes."); Blodgett v. United States, No. 17-1148C, 2017 WL 5898753, at *3 (Fed. Cl. Nov. 30, 2017) (finding that the court lacked jurisdiction over plaintiff's claim under 28 U.S.C. § 1495 because he was convicted in Iowa state court).

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
**Senior Judge**